# First District Court of Appeal
## State of Florida

_____

No. 1D2022-3284
_____

SEI Fuel Services Inc.,

    Appellant,

    v.

Florida Department of
Revenue,

    Appellee.

_____

On appeal from the Department of Revenue.
Andrea Moreland, Deputy Executive Director.

February 14, 2024

Osterhaus, C.J.

Appellant SEI Fuel Services, Inc. appeals the Department of Revenue's final order denying its request for a partial refund of double-paid motor fuel taxes. The Department concluded that § 206.414(3), Florida Statutes, barred it from refunding either of Appellant's overpayments. We disagree and reverse.

## I.

Sometime between 2011 and 2014, Appellant, a supplier of motor fuel to 7-Eleven stores, purchased a certain amount of fuel

from its upstream supplier, Sunshine Gasoline Distributors, Inc. Florida law requires the payment of a fuel tax on the purchase or sale of such motor fuel. *See* § 206.41, Fla. Stat. Appellant owed $3,179,675.11 in motor fuel taxes on these purchases. Appellant paid the tax amount directly to its supplier, Sunshine, who then remitted the payment to the Department. Sometime later, Appellant paid the same fuel tax in the same dollar amount directly to the Department. The Department subsequently audited Appellant's fuel tax payments and the parties discovered the double-payment. The parties agree that Appellant paid its $3,179,675.11 tax bill twice to the Department through different channels.

After the audit, Appellant filed a request to get its direct payment to the Department back. The Department denied it. Appellant contested this denial pursuant to Chapter 120, Florida Statutes. But an administrative law judge found no disputed issues of material fact and relinquished jurisdiction back to the Department for proceedings before a hearing officer. In arguments before the hearing officer, Appellant asserted entitlement to a refund of the second payment made directly to the Department. Appellant acknowledged that it was statutorily barred from getting a refund for the first tax payment made through Sunshine. Appellant argued, however, that the second payment made directly to the Department was an overpayment made in error for purposes of § 215.26. The hearing officer ultimately upheld the Department's denial of Appellant's refund request and Appellant then appealed.

## II.

An agency's interpretations of law are reviewed de novo, whereas its findings of fact are reviewed for competent, substantial evidence. *1701 Collins Mia. Owner, LLC v. Dep't of Revenue*, 321 So. 3d 875, 878 (Fla. 1st DCA 2021). A reviewing court may not defer to an agency's interpretation of a statute. Art. V, § 21, Fla. Const. The taxpayer has the burden of proving by a preponderance of the evidence that it is entitled to a refund. *1701 Collins,* 321 So. 3d at 880.

Section 206.41 sets forth the taxes payable on sales of motor fuel. This section specifies that, generally, motor fuel taxes are imposed on the "removal of motor fuel in this state from a terminal if the motor fuel is removed at the rack." § 206.41(6)(a), Fla. Stat. But, relevant here, § 206.414 requires a different collection methodology for fuel taxes imposed under § 206.41(1)(d), (e), and (f) that are above the annual minimum tax. These taxes above the annual minimum must be collected and remitted directly by purchasing suppliers like Appellant upon selling, delivering, or consigning fuel to their customers. § 206.414(2)-(3), Fla. Stat. Where a midstream supplier like Appellant fails to follow this directive and pays the taxes to an upstream supplier then "no" refunds are available for the above-the-annual-minimum taxes imposed under § 206.41(1)(d), (e), and (f) paid to the supplier. § 206.414(3), Fla. Stat.

In this case, the parties don't dispute that the motor fuel taxes applicable here fall within § 206.414's requirement for payment directly by Appellant to the Department. This meant Appellant's first tax payment through Sunshine was not made via a lawful channel. But the Department nonetheless received and accepted the tax payment made through Appellant's supplier. According to § 206.414(3), Appellant couldn't now receive a refund for this tax payment made through Sunshine. And Appellant concedes as much.

What Appellant asserts is that its subsequent second payment of the same tax, made directly to the Department this time, remains eligible to be refunded because it wasn't made through a channel for which refunds are prohibited. Section 206.13 allows taxpayers to seek a refund for erroneously paid motor fuel taxes under § 215.26, which provides for refunds for overpaid taxes, payments made where no tax is due, or other payment errors. § 215.26(1), Fla. Stat. Here, Appellant made some combination of these mistakes and ended up paying its tax bill twice resulting in a more than $3 million overpayment to the Department.

The Department counters that it can keep both of Appellant's payments because the first payment came through an unlawful channel and only the direct payment properly remitted the tax due. We do not agree, however, that the Department's receipt and

acceptance of the first non-refundable payment also prohibits Appellant from obtaining a refund of the subsequent direct payment of the same tax that resulted in double payment. The Department acknowledges that Appellant made two full payments corresponding to the very same tax invoice. The Department received both payments, taking in double what it was owed. Appellant's first tax payment through its supplier satisfied the required tax. Thus, as Appellant asserts, the later payment is eligible to be refunded under § 215.26(1) as an overpayment or other error in paying an already-paid tax. *See Dep't of Revenue v. Kemper Invs. Life Ins. Co.*, 660 So. 2d 1124, 1129 (Fla. 1st DCA 1995) ("[W]e are of the view that the tax laws contain ample provisions for penalties and interest for taxpayer's errors and omissions, and it is not the province of the Department to create additional penalties and forfeitures for the taxpayer, or windfalls for the state."). Since the second payment was made directly, and nothing bars refunds for direct tax payments mistakenly made to the Department, Appellant should not have been disqualified under § 206.414(3) from receiving a refund of the $3,179,675.11 payment made directly to the Department.

We therefore REVERSE and REMAND for the issuance of a refund of Appellant's direct payment because no tax remained due in addition to the full payment made through Appellant's supplier.

ROWE and BILBREY, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Michael J. Bowen and Aleksas A. Barauskas, of Akerman LLP, Jacksonville; Kristen M. Fiore of Akerman LLP, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Timothy E. Dennis, Chief Assistant Attorney General, and Christopher Baisden, Office of

4

the Attorney General, Revenue Litigation Bureau, and Mark S. Hamilton, Florida Department of Revenue, Tallahassee, for Appellee.